# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHNNY M. SIMPKINS,**
**Claimant Below, Petitioner**

**vs.)  No. 12-0935** (BOR Appeal No. 2046693)
(Claim No. 2011005918)

**ARACOMA COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Johnny M. Simpkins, by Wendle Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aracoma Coal Company, Inc., by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 12, 2012, in which the Board affirmed a November 16, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 5, 2011, decision which denied compensability of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Simpkins, a coal miner, alleges that he developed hearing loss in the course of his employment as the result of exposure to hazardous levels of industrial noise. He was evaluated by Charles Abraham, M.D., in August of 2005. Dr. Abraham diagnosed him with sensorineural hearing loss. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Edition, 1993), he determined that Mr. Simpkins suffered from 18.4% whole person impairment due to occupational hearing loss. R. Austin Wallace, M.D., also evaluated Mr. Simpkins and determined in his March 3, 2006, independent medical evaluation that his

1

hearing loss could not be attributed to industrial noise exposure. He found that due to the directionality of the noise, Mr. Simpkins was exposed to higher levels of noise on the left side. He found that there had been no significant change in Mr. Simpkins's hearing since his pre-employment exam. This indicated that Mr. Simpkins suffered no hearing loss while he was employed at Aracoma Coal Company, Inc. The claims administrator denied a claim for occupational hearing loss on March 22, 2006.

In February of 2009, Mr. Simpkins was evaluated by Gary Harris, Ph. D. He diagnosed Mr. Simpkins with moderately severe bilateral sensorineural hearing loss. He found that this diagnosis was consistent with Mr. Simpkins's reported history of noise over-exposure. Joseph Touma, M.D., also evaluated Mr. Simpkins in 2009 and determined that he had a history of progressive bilateral hearing loss since 1995. Using the American Medical Association's *Guides,* he determined that Mr. Simpkins suffered from 16.5% whole person impairment.

Mr. Simpkins was reevaluated by Dr. Wallace on March 4, 2011. In a letter to the claims administrator, Dr. Wallace opined that Mr. Simpkins's hearing loss is very atypical for noise induced etiology. He stated that noise induced hearing loss cannot cause flat sensorineural hearing loss as seen in Mr. Simpkins's right ear nor can it cause ascending hearing loss as seen in his left ear. He determined that while it was possible Mr. Simpkins's high-frequency hearing loss could have been the result of steady occupational noise exposure from various employers, the lack of progression of his hearing loss at Aracoma Coal Company, Inc., eliminates the possibility of any permanent partial disability related to occupational hearing loss while he was employed there.

Dr. Wallace elaborated in a deposition on August 12, 2011, that he eliminated noise exposure as a cause of Mr. Simpkins's hearing loss. He testified that Mr. Simpkins's hearing loss configuration was incompatible with occupation-induced hearing loss. He found that Mr. Simpkins has ascending hearing loss between 250 hertz and 500 hertz that cannot arise as the result of noise exposure. Dr. Wallace also found asymmetry of low frequency hearing which also cannot occur as the result of noise exposure. He stated that classically, occupational noise exposure causes the greatest hearing loss at 3000 hertz to 4000 hertz with recovery at 8000 hertz. Mr. Simpkins's hearing is actually better at the 3000 hertz to 4000 hertz range than it is at 8000 hertz. Dr. Wallace testified that he remained of the opinion that Mr. Simpkins suffered no progression of noise-induced hearing loss while he was employed by Aracoma Coal Company, Inc.

The claims administrator denied the claim for occupational hearing loss on April 5, 2011. The Office of Judges affirmed its decision in its November 16, 2011, Order. It found that Mr. Simpkins failed to establish that his hearing loss resulted from exposure to hazardous levels of noise in the course of his employment at Aracoma Coal Company, Inc. The Office of Judges noted that Mr. Simpkins filed a prior claim for hearing loss that was rejected in March of 2006. Dr. Wallace examined him on two occasions and determined that his hearing loss was not attributable to his work environment and was most likely the consequence of aging. The Office of Judges found that Mr. Simpkins's hearing loss pattern was not typical of noise-induced hearing loss.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 12, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. A preponderance of the evidence indicates that Mr. Simpkins did not suffer from occupation-related hearing loss in the course of his employment for Aracoma Coal Company, Inc.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

Justice Brent D. Benjamin, disqualified

3